IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JILL RUTLIN & TODD POTTER,
TRUSTEES OF THE JAMES O. POTTER
IRREVOCABLE TRUST,

                              Plaintiffs,                    OPINION AND ORDER

        v.
                                                                12-cv-595-wmc

METLIFE INSURANCE COMPANY
OF CONNECTICUT,

                              Defendant.

        In this civil action, plaintiff trustees of the James O. Potter Irrevocable Trust ("the

trustees") have asserted a breach of contract claim against defendant Metlife Insurance

Company of Connecticut ("Metlife), claiming damages in excess of $300,000.   The

complaint was originally filed in the Circuit Court for Monroe County, Wisconsin, and

subsequently removed to federal court by Metlife.  As the basis for removal, Metlife cited

this court's diversity jurisdiction.  42 U.S.C. § 1332.  Unfortunately, the complaint fails

to allege facts sufficient to establish diversity jurisdiction.

        Although it is very likely that diversity does exist, the court must establish

jurisdiction before the case can proceed.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193

(2010) (federal courts "have an independent obligation to determine whether subject-

matter jurisdiction exists, even when no party challenges it"); *Smart v. Local 702 Int'l Bhd.*

*of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009) (party seeking to invoke federal

jurisdiction bears the burden of establishing that jurisdiction is present).  Defendants are,

therefore, directed to submit additional proof supporting removal.

1

Diversity jurisdiction is present when a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.  42 U.S.C. § 1332.  The complaint indicates that Metlife is a citizen of Connecticut and Florida.  It also indicates that the James O. Potter Irrevocable Trust is located at 30693 Exodus Avenue, Warrens, Wisconsin.  However, it is the citizenship of the trustees rather than the Trust itself that matters for diversity purposes.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-654 (1980); *May Dept. Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 598 (7th Cir. 2002).  The complaint does not allege or otherwise clearly indicate the domicile of the two trustees, Jill Rutlin and Todd Potter.

ORDER

IT IS ORDERED that:

1) defendant shall have until September 17, 2012, to file an affidavit or other appropriate proof showing the domicile of the trustee plaintiffs in this case; and

2) failure to timely submit the required proof shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 7th day of September, 2012.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge